USDC- GREENBELT
'23 JAN 13 PM 1:16

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DWAYNE DOUGLAS SHAFER,  )
                          )
    Plaintiff,  )
                          )        Civil Action No.: 1:21-cv-3052-LKG
v.  )
                          )        Dated:  January 13, 2023
WARDEN DEBRA DARDEN, *et al*,  )
                          )
    Defendants.  )
                          )

## MEMORANDUM OPINION

Self-represented plaintiff Dwayne Douglas Shafer, a prisoner confined at Eastern Correctional Institution ("ECI"), filed this civil rights action alleging that he does not have sufficient access to the Administrative Review Procedure ("ARP"). ECF No. 1. The action is pending against Warden Debra Darden, Lt. Griffiths,[1] and CO II Garrison.

On August 1, 2022, defendants filed their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 11. Shafer was given an opportunity to respond to the motion and has failed to do so. ECF No. 12. The Court finds that a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021).

For the reasons discussed below, defendants' Motion, construed as a motion to dismiss, will be granted due to Shafer's failure to exhaust administrative remedies, and the Complaint will be dismissed without prejudice.

### Background

On November 29, 2021, the Court received Shafer's initial Complaint for filing. ECF No. 1. The Complaint is dated November 10, 2021. *Id.* As directed, Shafer filed a Supplemental Complaint on January 18, 2022. ECF Nos. 2, 3. In the Supplemental Complaint, Shafer states that he tried to file a grievance pursuant to the prison's administrative remedy procedures ("ARP") but that "violation[s] and corruption[s] by the facility wouldn't allow me to." ECF No. 3 at 2. Shafer seeks $20,000 in damages and asks the Court to make ARP forms available at any time.

---

[1] The Clerk will be directed to correct Lt. Griffiths' name on the docket.

ECF No. 3 at 3.

Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment asserting that the Complaint should be dismissed because Shafer has failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). ECF No. 11-1 at 8-11. Defendants also assert that Shafer has failed to state a claim regarding his access to remedies as a violation of his Fourteenth Amendment due process rights. *Id.* at 11-12. Finally, Defendants argue that this Court has no jurisdiction over any potential mandamus claim that ECI take any action regarding the ARP process. *Id.* at 12.

Regarding the defense of exhaustion, Defendants provide the Declaration of Lieutenant Evan Ward, identified as the Administrative Remedy Procedure Coordinator at ECI. ECF No. 11-7 at 1. Ward attests that his "duties include receiving, acknowledging, and directing the investigation of [ARP] complaints" and "maintain[ing] all records relating to the complaints according to procedures set forth in COMAR." *Id.* at 2-3. Ward attaches a copy of the log detailing all ARP's filed by inmates in Shafer's housing unit from September through December 2021,[2] to show that many inmates successfully filed ARP's during that time. ECF No. 11-9. He also attaches a copy of the single ARP filed by Shafer, which addressed exposure to second-hand smoke and failure to provide a sleep apnea machine. ECF Nos. 11-7 at 4 and 11-10. Ward declares that Shafer never submitted an ARP regarding the ARP process or any problems with it during this time-period. ECF No. 11-7 at 4.

Defendant Warden Debra Darden submitted a Declaration in which she denies that she or her "staff prevented Mr. Shafer from obtaining Administrative Remedy forms or processing them. In fact, when I became aware of this allegation, I asked Lt. Griffiths . . . to meet with him about his various complaints." ECF No. 11-12 at 4. Warden Darden denies that she "ever prevented Mr. Shafer or any other inmate from filing Administrative Remedies at ECI. Nor have I permitted my staff to prevent or otherwise interfere with an inmate's ability to file an ARP." *Id.*

Defendant Lieutenant Heather M. Griffiths, the Housing Manager on Unit 2 at ECI, submitted a Declaration attesting that she discussed ARP's with Shafer on November 24, 2021, and told him that he could request an ARP form directly from her and turn it in to her directly.

---

[2] Shafer arrived at ECI on August 20, 2021, and was assigned to Housing Unit 2 from September 2, 2021 until February 3, 2022. ECF Nos. 11-2 (Declaration of Heather M. Griffiths, Housing Unit Manager of Unit 2) and 11-3 (Inmate Traffick History).

ECF No. 11-2 at 4-5. She also gave him five ARP forms that day. *Id.* at 5. Lt. Griffiths declares that during her meeting with Shafer, he complained that he had "'turned in an ARP on 11/13/2021 to an unknown officer on Day Shift that does not work in the unit and was not his tier officer." *Id.* at 4. Lt. Griffiths attaches a copy of the ECF Administrative Remedy Procedure that explains that all inmates are to "'turn in all completed ARP forms to the dayshift OIC (Officer in Charge) or a dayshift Supervisor for signature." *Id.* at 5, ECF No. 11-5. Lt. Griffith also declares all inmates are given an inmate handbook upon their arrival at ECI which includes a description of the ARP process. *Id.* at 5-6.

Next, defendants submit the Declaration of F. Todd Taylor, the Director of the Inmate Grievance Office ("IGO"). ECF No. 11-15. Taylor attaches copies of two grievances filed by Shafer with the IGO on November 21 and 30, 2021, complaining about ECI's failure to properly process ARP's. *Id.* at 3, ECF Nos. 11-16, 11-17. Specifically, Shafer complains that he asked "(10) different officers on different shifts," ECF No. 11-16 at 3, and that "[d]aylight shift ordered them [to] not take any ARPs from inmates," ECF No. 11-17 at 3. The first IGO complaint was administratively dismissed and advised Shafer to contact the facility ARP coordinator or his case manager about ARPs. ECF No. 11-16. The second IGO complaint was construed as an appeal of an ARP, and the response instructs Shafer to submit several documents including his original complaint to the Warden and any appeal to the Commissioner. ECF No. 11-17. The response warns Shafer that failure to provide the requested documents within thirty days will result in dismissal of his complaint. *Id.* at 2. Taylor attests that "the IGO did not receive any such documentation demonstrating he had exhausted his administrative remedies" and "[a]s of the date of this declaration, the IGO has not received any such documentation in any other appeal of an ARP from Mr. Shafer related to the administrative remedy process or his inability to have his ARPs processed." ECF No. 11-15 at 3-4.

Finally, defendants submit the Declaration of defendant Aaron Garrison, CO II. ECF No. 11-18. Officer Garrison declares that he is "aware that [Shafer] alleges [he] took an [ARP] from him on November 13, 2021, and told him that [he] would issue a receipt to him but never did so," and that he "unequivocally den[ies] this allegation." *Id.* at 3. In fact, Officer Garrison attests that to his knowledge, he has never met inmate Shafer. *Id.*

The records provided by defendants indicate that Shafer only filed one ARP after arriving at ECI and prior to filing the instant Complaint on November 29, 2022. *See* ECF Nos. 11-7 at 4

3

and 11-10. This ARP, dated November 27, 2021, complained of second-hand smoke and failure to provide a sleep apnea machine. ECF No. 11-10. On the top of the form, Shafer wrote "complaints are already filed about the violations of ARPs and corruption," however, the inmate request section refers only to his medical concerns. *Id.* The ARP was dismissed for procedural reasons with instructions to submit two separate ARPs for these different issues. *Id.*

## Standards of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted).

## Discussion

Defendants raises the affirmative defense that Shafter has failed to exhaust his administrative remedies. ECF No. 11-1 at 8-11. Shafer has not responded to Defendants' Motion.

If Shafer's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e. The PLRA provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, "the term 'prisoner' means any person

4

incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x 253 (4th Cir. 2004).

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219. It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530.

Because the Court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in this very real sense, exhaustion prior to federal suit is mandatory. Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aguilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aguilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F.3d at 684.

Inmates housed at an institution operated by the Maryland Department of Public Safety and Correctional Services ("DPSCS") may avail themselves of the administrative grievance process which is designed for "inmate complaint resolution." *See generally* Md. Code (2008 Repl. Vol.), Correctional Services Article ("C.S."), §§ 10-201 *et seq.*; COMAR 12.07.01.01B(1) (defining ARP). If an ARP is filed and denied, the prisoner may appeal the denial within 30 days to the Commissioner of Correction. If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days. OPS.185.0002.05D; C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

Here, it appears that Shafer was aware of the administrative grievance process, and the process was available to him. Shafer clearly knew about the ARP process, as demonstrated by his IGO complaints about "corruption" in the process. ECF Nos. 11-16 and 11-17. Shafer's unverified Complaint and Supplemental Complaint allege that he repeatedly asked for ARP forms and was rebuffed. ECF Nos. 1, 3. However, he does not allege that he was denied an ARP form after asking the appropriate officer as required by ECI policy. *See* ECF No. 11-8. In fact, ECI's policy that ARP forms must be turned into the dayshift Officer in Charge or dayshift supervisor, *id.*, is consistent with Shafer's complaint that only the first shift officers take ARPs. ECF No. 1 at 3. Finally, Shafer successfully filed an ARP on November 13, 2022. ECF No. 11-10. Furthermore, Shafer did not respond to defendants' Motion to Dismiss, rendering it unopposed.

Defendants have shown that plaintiff did not exhaust his administrative remedies prior to filing his complaint, and plaintiff has filed nothing to controvert that showing. There is no avenue available here by which the exhaustion requirement can be excused. Therefore, the claims against Defendants Darden, Griffith, and Garrison are unexhausted and the Complaint will be dismissed without prejudice.[3]

---

[3] The Court need not address defendants' additional defenses insofar as claims against them will be dismissed for Shafer's failure to exhaust administrative remedies. Furthermore, the Court construes the Complaint as one alleging violations of Shafter's Fourteenth Amendment rights related to the ARP process, and not as an Eighth Amendment claim for failure to provide adequate medical care as Shafer raised in the only ARP he filed with ECI. Any allegations of failure to provide medical care may be filed in a separate action.

A separate Order follows.

1-13-23
_____
Date

Lydia K. Griggsby
United States District Judge